AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.   **ORDER OF DETENTION PENDING TRIAL**

MARIO ALBERTO FRANCO  Case Number: 15-20061-08-JAR
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

    See page 2

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated:  September 22, 2015

*Signature of Judicial Officer*

DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Mario Alberto Franco
Criminal Action: 15-20061-09-JAR

## Part II - Written Statement of Reasons for Detention

There are a series of factors that I have to look at to determine whether or not there are conditions that I can set that I think will assure not only your appearance but the safety of the community.

The first factor is the nature and circumstances of the offense charged including whether is it's a crime of violence or involves a controlled substance. You are charged with a controlled substance and so that's clearly a negative factor.

The weight of the evidence: There's certainly been probable cause that you committed it so that's a negative.

The history and characteristics of the person including your character, physical and mental condition: There is nothing in those indications that would be a problem.

Family ties are positive.

Employment is positive.

Financial Resources: There has been no indication that you have substantial resources that will assist you in fleeing so that's a positive.

Length of residence in the community is a positive.

Past conduct which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings are a problem. Those based on the information from the pretrial services report are all negative.

The next is whether at the time of the current offense you were on probation, parole, or

other release, and there is no indication that says you were so that's a positive.

Finally the factor is the nature and seriousness of the danger posed to any person of the community caused by your release. Any time we are dealing with persons that are charged with distributing large quantities of methamphetamine, that is a substantial danger to the community. You then have to consider the presumption that has already been referenced which says when you are charged and there is probable cause to support that charge, with this kind of offense it is presumed there are no conditions but you have the burden of showing there are conditions that will assure your appearance and protect the community, and my findings is that you have not rebutted the presumption, therefore you will remain detained.